IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRA SENTELL ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0622-WS-C |
| | ) |
| AMBER NYKOLE CLAYTON, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 4). The sole remaining defendant ("Progressive") has filed a response, (Doc. 6), the plaintiff a reply, (Doc. 8), and the motion is ripe for resolution.

## BACKGROUND

Progressive removed on the basis of diversity of citizenship after the non-diverse defendant was dismissed on the plaintiff's motion. The plaintiff and Progressive are of diverse citizenship, and the question centers on the amount in controversy.

The complaint alleges that the plaintiff was injured in a motor vehicle accident with the individual defendant. (Doc. 1, Attachment at 37, ¶ 5). The complaint seeks recovery from Progressive under its policy insuring the plaintiff, in particular the policy's uninsured/underinsured coverage. (*Id*. at 38, ¶ 10). "Under the limits of the insurance policies named above and under the laws of the State of Alabama, Plaintiffs are entitled to recover uninsured and underinsured motorist benefits." (*Id*., ¶ 11).

The ad damnum clause against the tortfeasor seeks no specific amount of recovery but only such compensatory and/or punitive damages as a jury may

award. (Doc. 1, Attachment at 37). Similarly, the ad damnum clause against Progressive mentions no dollar figure but "demands judgment against the Defendant in such an amount of damages as a jury deems reasonable and may reward [sic], plus interest and cost [sic]." (*Id*. at 38). The complaint describes the plaintiff's damages as follows:

> [H]e was caused to suffer physical injury; he was caused to suffer a permanent injuries [sic]; he was caused to suffer from physical pain and suffering associated with his injuries; he has incurred medical bills and expenses associated with the treatment of his injuries and will continue to do so in the future; he has lost wages; he has been caused to suffer from extreme emotional distress and mental anguish and will continue to suffer from the same; he has lost money; he has otherwise been injured and damaged.

(Doc. 1, Attachment at 37, ¶ 8).

## DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes omitted); *accord Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should

look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has sustained injury so severe as to make it more likely than not that over $75,000 is in controversy. Progressive points to the description of damages quoted above, (Doc. 6 at 2-3), but merely listing categories of damage does not satisfy the plaintiff's burden. *See Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).[1]

Progressive's only other attempt to meet its burden is to argue that the complaint demands policy limits. (Doc. 6 at 3). Progressive relies on paragraph 11, which is quoted above. An allegation that the plaintiff is entitled to recover benefits "[u]nder the limits of the policies" cannot be a demand for policy limits but, at most, for something "under" those limits. Paragraph 11 appears to assert only that the plaintiff is entitled to some degree of recovery under the policy. At

---

[1] Progressive ignores *Williams*, emphasizing instead the assurance of *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010), that "the use of deduction, inference, or other extrapolation of the amount in controversy is [not] impermissible," and that of *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010), that courts "need not 'suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount.'" (quoting *Pretka*, 608 F.3d at 770). These are of course governing principles, but *Williams* is a governing application of those principles, and it was not overruled by *Pretka* or *Roe* (nor could it have been, given that *Prekta* and *Roe* were not en banc opinions). On the contrary, both *Pretk*a and *Roe* affirmatively invoked *Williams*. 613 F.3d at 1061; 608 F.3d at 752-55.

any rate, while Progressive represents that policy limits are $200,000, it has not furnished the policy, its declarations page or an affidavit, so it has offered no evidence that the policy limits actually exceed $75,000.[2]

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Wilcox County.

DONE and ORDERED this 3rd day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Progressive argues that, since the plaintiff recovered $25,000 from the individual defendant in state court, subject matter jurisdiction exists as long as the plaintiff seeks over $50,000 from Progressive. (Doc. 6 at 3). Progressive overlooks both that a plaintiff's demands against multiple defendants cannot be aggregated to meet the jurisdictional threshold, *e,g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000), and that, at the time of removal, no amount remained in controversy with respect to the individual defendant, who had been dismissed.  At any rate, Progressive cannot meet its burden with respect to $50,000 any more than it can with respect to $75,000.